UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| NATHAN E. CARROLL,<br>GERALDINE P. CORRIGAN,<br>on Behalf of Themselves and All Others<br>Similarly-Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NORTHAMPTON RESTAURANTS, INC.,<br>d/b/a ABERDEEN BARN STEAKHOUSE,<br><br>and<br><br>KOSTAS PRAMATIA,<br><br>    Defendants. | Civil Action No. 2:21cv115 |

## COLLECTIVE ACTION COMPLAINT

The plaintiffs, Nathan E. Carroll and Geraldine P. Corrigan (hereinafter "Plaintiffs"), by counsel, bring this action against the defendants Northampton Restaurants, Inc. and Kostas Pramatia (together "Defendants"), on behalf of themselves and all other similarly-situated employees of the Defendants, for illegally availing themselves of the federal tip credit ($2.13/hour) and for illegally retaining tips received by their employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The Plaintiffs also seek unpaid wages under the Virginia Wage Payment Act (Va. Code § 40.1-29). Finally, the plaintiff Carroll seeks damages from the Defendants who terminated him in retaliation for

his complaining about their use of an illegal tip pooling system. Plaintiffs seek unpaid wages, liquidated damages, prejudgment interest, post-judgment interest, attorney's fees, and costs owed to them and all similarly-situated employees of Defendants who were employed at any time within the three years preceding the filing of this lawsuit. In support thereof, Plaintiffs state as follows:

### I. PRELIMINARY STATEMENT

1. This is a collective action brought by two workers – a former waiter and waitress – employed by Defendants on an hourly basis. Plaintiffs contend that Defendants engaged in a pattern or practice of unlawful conduct resulting in violations of their rights and those similarly-situated to them under the FLSA and the Virginia Wage Payment Act. In particular, the Defendants regularly and illegally availed themselves of the federal tip credit and thus failed to pay their servers at the required minimum wage rate. In addition, the Defendants regularly and illegally kept portions of tips received by the Plaintiffs for themselves. Consequently, the Defendants forfeited the ability to claim the tip credit and owe the plaintiffs unpaid wages, including tips, liquidated damages, attorneys fees, prejudgment and post-judgment interest, and costs.

### II. PARTIES, JURISDICTION AND VENUE

2. The plaintiff Nathan E. Carroll ("Carroll") is an individual who presently resides in Portsmouth, Virginia and previously worked for the Defendants.

3. The plaintiff Geraldine P. Corrigan ("Corrigan") is an individual who presently resides in Virginia Beach, Virginia and previously worked for the Defendants.

4. The defendant Northampton Restaurants, Inc. ("NRI"), d/b/a Aberdeen Barn Steakhouse ("Aberdeen Barn"), is a Virginia corporation with its principal place of business located in Virginia Beach, Virginia.

5. Upon information and belief, the defendant Kostas Pramatia ("Pramatia") is the majority owner of NRI. He is also the President of NRI.

6. During the last two years, each of the Plaintiffs was a non-exempt hourly employee of the Defendants.

7. The Court has personal jurisdiction over the Defendants as they routinely transact business in Virginia and are subject to personal service of process in Virginia.

8. The Court has federal question subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as the claims are for unpaid wages, liquidated damages, and other relief under 29 U.S.C. § 206(a) and 29 U.S.C. § 216(b) of the FLSA.

9. Venue is proper in the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to these claims occurred in this district. Specifically, the unpaid wages sought in this action were earned in this district.

Similarly, the Norfolk Division is the proper division under Rule 3(C) of the Local Rules for the United States District Court for the Eastern District of Virginia.

### III.  FACTUAL ALLEGATIONS

16.   The Defendants operate a steakhouse restaurant named the Aberdeen Barn Steakhouse ("Aberdeen Barn") located on Northampton Boulevard in Virginia Beach, Virginia.  On the restaurant's website (aberdeenbarn.net), it states that "Aberdeen Barn in Virginia Beach has been a family-owned and operated business since 1966."  Pramatia also works in the Aberdeen Barn.

17.   During the last three years, the Defendants employ or have employed numerous hourly-paid, non-exempt individuals who work or worked as servers in the Aberdeen Barn.  These individuals are referred to herein as "Servers."  Plaintiffs seek to represent all similarly-situated Servers.

18.   In August 2020 both named Plaintiffs started working for the Defendants as Servers – waiters and waitresses – at the Aberdeen Barn Steakhouse (hereinafter "Servers").  Carroll worked from approximately August 15, 2020 to October 1, 2020.  Corrigan worked from approximately August 8, 2020 to October 3, 2020.

19.   As Servers, they took orders for food and beverages from customers, communicated those orders to the kitchen staff, and provided or served the food and beverages to those customers.

20. The Plaintiffs were paid in a twofold manner. First, the Defendants paid the Plaintiffs at the rate of $2.13/hour availing themselves of the federal tip credit.

21. Second, the remaining portion of the Plaintiffs' pay came from customer tips.

22. The Defendants routinely and systematically violated 29 U.S.C. § 203(m)(2)(A) of the FLSA by applying the tip credit to the Servers' pay.

23. In relevant part, that section states that the tip credit

> shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m)(2)(A)(ii).

24. The Defendants violated this provision in three respects. First, they failed to inform the employees of the provisions of that subsection as it required. Second, they did not allow the employees to retain the tips they received, instead the Defendants took a substantial portion of those tips for themselves. Third, the Defendants took deductions for walkouts from the Servers' pay, which also had the effect of reducing a Server's pay to below the minimum wage.

25. Section 3(m)(2)(B) of the FLSA states: "An employer may not keep tips received by its employees for any purposes, including allowing managers or

supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

26. The Defendants systematically and routinely violated 29 U.S.C. § 203(m)(2)(B) as they kept a portion of the employees' tips, which portion was not redistributed through a tip pool.

27. At all relevant times Defendants did not compensate Plaintiffs at the correct minimum wage rate of seven dollars and twenty-five cents ($7.25) an hour.

28. Upon information and belief, because the Defendants have improperly applied the tip credit to the wages of the Plaintiffs and other similarly-situated Servers, they have failed to pay minimum wages at the correct rate for the last three years.

### IV. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs assert their FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following putative plaintiffs:

> All Servers, as defined in paragraphs 17 and 19, employed by Defendants in Virginia Beach, Virginia at any time during the three years preceding the filing of this lawsuit through the present (the "Collective Class").

30. Plaintiffs seeks to pursue their claims on behalf of all individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

31. Plaintiffs and the Collective Class are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, inter alia, Defendants employed a uniform system of paying all Servers by improperly applying the tip credit to their

pay, failing to pay them at the required minimum wage rate, and keeping portions of the Servers' tips in violation of 29 U.S.C. § 203(m)(2)(B). This method of paying Servers was part of a common policy that affected Plaintiffs and the putative class.

32. All, or virtually all, of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiffs and the putative class. These issues include (1) whether and to what extent the Defendants applied the federal tip credit to the Servers' pay; (2) whether the Defendants paid the Servers at the required minimum wage rate of $7.25/hour; (3) and whether the Defendants improperly kept for themselves a portion of the tips earned by the Plaintiffs and the other similarly-situated Servers.

33. Plaintiffs are appropriate representatives for the purposes of the Court certifying a collective action and approving a notice of the action to potential class members. Plaintiffs' FLSA claims are the same or similar to the claims of other potential class members.

## V. *General Allegations*

34. The FLSA defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

35. During the last three years or so long as it has been in existence, NRI has been an "employer" within the definition of 29 U.S.C. § 203(d) of the FLSA.

36. During the last three years, Pramatia has been an "employer" within the definition of 29 U.S.C. § 203(d) of the FLSA.

37. During the last three years, the Defendants were engaged in interstate commerce within the meaning of the FLSA, as they had employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and they have had annual gross receipts of more than $500,000.00.

38. During the last three years, NRI and Pramatia were joint employers of the Plaintiffs and those similarly-situated to the Plaintiffs.

## *Legal Claims*

### Count I – Unpaid Minimum Wages – Violation of 29 U.S.C. § 206(a)

39. The allegations in paragraph 1 – 38 are incorporated by reference as if fully set forth herein.

40. Plaintiffs bring this claim on behalf of themselves and the putative class, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41. At all times material to the allegations herein, Plaintiffs and the putative class have been employees entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

42. Defendants are and have at all relevant times been employers covered by the FLSA.

43. The FLSA requires that covered employees receive wages at a rate of not less than $7.25 per hour. 29 U.S.C. § 206(a).

44. Plaintiffs and the putative class are and/or were victims of a common, company-wide compensation policy that (1) failed to properly compensate them at the correct minimum wage rate by illegally applying the tip credit to their wages and (2) illegally deprived the Servers of their own tips.

45. The Defendants knew or showed reckless disregard for the matter of (1) whether their failure to pay wages at the correct rate was prohibited by law and (2) whether their keeping portions of their Servers' tips was prohibited by law; and the Defendants' actions were not done in good faith.

46. The Plaintiffs and the putative class have been damaged by the Defendants' failure to pay wages at the minimum wage rate and the Defendants' wrongfully keeping portions of their (Servers') tips.

### COUNT II – UNPAID WAGES UNDER VIRGINIA WAGE PAYMENT ACT (VA. CODE § 40.1-29)

47. The allegations in paragraph 1 – 46 are incorporated by reference as if fully set forth herein.

48. The Defendants wrongfully withheld wages of the Plaintiffs without the written and signed authorization of the Plaintiffs in violation of Va. Code § 40.1-29(C).

49. The Defendants wrongfully failed to pay wages owed to Plaintiffs and wrongfully retained tips belonging to the Plaintiffs in violation of Va. Code § 40.1-29(A).

50. As a result of the Defendants' actions, the Plaintiffs' have suffered damages.

### COUNT III – RETALIATION UNDER FAIR LABOR STANDARDS ACT

51. The allegations in paragraph 1 – 50 are incorporated by reference as if fully set forth herein.

52. After working for approximately one month at the Aberdeen Barn, the plaintiff Carroll complained to a fellow server that he thought the Defendants' tip pooling policy and retention of the Servers' tips was illegal.

53. Over the next two days, a manager of the Aberdeen Barn Steakhouse, Ashleigh, spoke to Carroll and told him that Servers were liable for customer walk-outs. In her conversations with Carroll, she also raised the subject of the tip-pooling system with him.

54. At the time, Ashleigh was married to the corporate treasurer of the restaurant, Johnny Pramatia. Pramatia is also the son of the restaurant's owner, the defendant Kostas Pramatia. Both Ashleigh and Johnny Pramatia worked in the Aberdeen Barn.

55. Ashleigh told Carroll that the tip pooling system is the system that is in place, that there was nothing wrong with it, and that if he did not like it, he could go work elsewhere.

56. The next day, Carroll was fired. He was given no reason. He was not on the schedule for the waitstaff. Carroll called in Monday after he had seen the schedule and verified that he was fired.

57. Section 215(a)(3) states that

> it shall be unlawful for any person … (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter[.]

29 U.S.C. § 215(a)(3).

58. Upon information and belief, the defendants terminated the plaintiff Carroll in retaliation for his having complained about the their illegal tip pooling system, which system violated the FLSA.

59. As a result of the defendants' having retaliated against Carroll for complaining about the illegal tip pooling system, Carroll suffered lost wages of as much as $21,000 and continues to seek out comparable employment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this lawsuit, pursuant to 29 U.S.C. § 216(b) to all potential members of the Collective Class;

  C. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent, for compensation for all unpaid wages and tips that Defendants have failed to pay in violation of the FLSA, including up to $3,000 in unpaid wages and tips to Plaintiff Carroll, $21,000 in lost wages to Plaintiff Carroll, and $3,000 in unpaid wages and tips to Plaintiff Corrigan;

  D. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent, for compensation for all unpaid wages and tips that Defendants have failed to pay in violation of the Virginia Wage Payment Act, including approximately $3,000 in unpaid wages and tips to Plaintiff Carroll and $3,000 in unpaid wages and tips to Plaintiff Corrigan;

  E. Prejudgment interest to the fullest extent permitted under the law;

  F. Liquidated damages to the fullest extent permitted under the FLSA;

  G. Liquidated damages to the fullest extent permitted under the Virginia Wage Payment Act (Va. Code § 40.1-29(G));

  H. Interest on the unpaid wages and tips at an annual rate of 8% (eight percent) from the date the wages and tips were due (Va. Code § 40.1-29(G);

  I. Litigation costs, expenses, and Plaintiffs' attorney's fees to the fullest extent permitted under the FLSA and Federal Rule of Civil Procedure 54(d); and

  J. Such other and further relief as this Court deems just and proper in equity and under the law.

**The Plaintiffs request a trial by jury.**

**NATHAN A. CARROLL,**
**GERALDINE P. CORRIGAN,**
**On behalf of themselves and all other**
**Similarly-Situated Former and**
**Current Employees**


By: _____***/S/***_____
Christian L. Connell
Bar No. 35009
Attorney for the Plaintiffs
CHRISTIAN L. CONNELL, P.C.
555 East Main Street, Suite 1102
Norfolk, Virginia 23510
757.533.6500
757.299.4770 (fax)
Email: christian.connell@outlook.com